| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JANICE LACY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TURNER,<br><br>　　　　　Defendant. | Case No.   1:23-cv-01763-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED (1) UNDER THE *YOUNGER* ABSTENTION AND *ROOKER-FELDMAN* DOCTRINES; (2) FOR FAILURE TO COMPLY WITH A COURT ORDER AND FOR FAILURE TO PROSECUTE; AND (3) FOR FAILURE TO PROVIDE A CURRENT ADDRESS<br><br>(ECF No. 1).<br><br><u>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS</u> |

　　　　On December 26, 2023, Plaintiff Janice Lacy, proceeding *pro se*, filed this civil action. (ECF No. 1). Generally, Plaintiff seeks a temporary restraining order prohibiting Defendant, Sergeant Turner, from enforcing a California criminal protective order that requires Plaintiff to stay away from a property in Yokuts Valley, California.

　　　　Because it appeared that Plaintiff's complaint implicated two doctrines—*Younger* abstention and *Rooker-Feldman*[1]—that prevent Federal courts from interfering with state court matters under certain circumstances, the Court ordered Plaintiff on February 1, 2024, to file a

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

1

response within thirty days showing cause why this case should not be dismissed. (ECF No. 6). The Court advised Plaintiff "that [a] failure to respond to this order may result in the dismissal of this case." (*Id.* at 5).

Plaintiff has not responded to the show cause order, has not filed anything since initiating this case, and the Court's order granting Plaintiff's *in forma pauperis* application has been returned as "[u]ndeliverable, [u]nable to forward," indicating that Plaintiff has failed to provide the Court with a current address.

For the reasons explained below, the Court will recommend that this case be dismissed without prejudice (1) under the *Younger* abstention and *Rooker-Feldman* doctrines; (2) for failure to comply with a court order and for failure to prosecute; and (3) for failure to provide a current address.

**I.   SUMMARY OF THE COMPLAINT**

Plaintiff asserts that she is "the legal spouse of LeeAnn E. Lacy, who died in a house fire at 33919 Otter Lane, Squaw Valley aka Yokuts Valley, CA 93675."[2] Plaintiff states that there were CPOs, which the Court understands to mean criminal protective orders, "on file in both directions." Plaintiff asserts that it is a legal fact that a CPO dissolves upon death.

On December 21, 2023, Plaintiff was woken up and forced to leave the Otter Lane property. She later found out that this was done at the direction of Defendant Turner. Plaintiff called a detective, who told her that Turner said "there is an RO on the property," which the Court understands to mean a restraining order. Plaintiff claims that "[t]he Sheriff is legally wrong to enforce a deceased person's restraining order." And she states that "[t]heir legal advice is flawed and I cannot even go on calendar in the criminal case."

Plaintiff attached a variety of documents to the complaint, including a citizen complaint form, reporting that Defendant told Plaintiff "that he and his deputies will continue to enforce deceased spouse LeeAnn E. Lacy's DVRO," which the Court understands to mean a domestic violence restraining order. The form also states, "I want a court to replace what I am losing in another jurisdiction and have false arrests removed." Plaintiff also attaches case information from

---

[2] For readability, minor alterations have been made to some of Plaintiff's quotations without indicating each change.

the Fresno County Superior Court website regarding criminal charges against her, which include "[r]esisting [e]xecutive [o]fficer" and "[b]attery [o]n peace [o]fficer."

The Court takes judicial notice of a different charge—for domestic violence in Case Number F21900281—against Plaintiff on the Fresno County Superior Court website (https://www.fresno.courts.ca.gov/online-services/case-information). *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that a court can take judicial notice of another court's opinion, but not for the truth of the facts therein, but for the existence of the opinion). Notably, the summary of events for this domestic violence case indicates that a criminal protective order was issued and that Plaintiff was given probation. Under Cal. Penal Code § 1203.097(a)(2), probation for domestic violence requires as a term of probation "[a] criminal court protective order protecting the victim from further acts of violence, threats, stalking, sexual abuse, and harassment, and, if appropriate, containing residence exclusion or stay-away conditions."

## II.   *YOUNGER* ABSTENTION AND *ROOKER-FELDMAN*

### A.   Legal Standards

Two doctrines prevent a Federal court from interfering with state court proceedings. The first is a doctrine called *Younger* abstention, which is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, citation, and internal quotation marks omitted).

> *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal quotation marks omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) (holding that, when abstaining under *Younger*, "a

district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief") (citation and internal quotation marks omitted). But "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). Lastly, "Federal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (citation and internal quotation marks omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." *Younger*, 401 U.S. at 53.

The next doctrine is known as the *Rooker-Feldman* doctrine, which "takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Under this doctrine, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16).

**B.     Analysis**

It appears from the face of the complaint that Plaintiff is challenging actions related to either ongoing or past California state court matters. Specifically, Plaintiff has a California criminal protective order against her, related to her criminal domestic violence case, which requires her to stay away from the Otter Lane property. And Plaintiff seeks an order prohibiting enforcement of the criminal protective order, which has the potential to interfere with ongoing or concluded state court matters.

Notably, in analogous circumstances, courts have concluded that plaintiffs were

4

improperly trying to obtain Federal court intervention in state court matters. *See Malberg v. McCracken*, No. 5:22-CV-01713-EJD, 2023 WL 2769095, at *4 (N.D. Cal. Mar. 31, 2023) ("For the purposes of the second *Rooker-Feldman* element, it is difficult to envision a clearer example of a plaintiff attempting to blatantly end run an adverse state court judgment. Several federal courts in California have also used the *Rooker-Feldman* doctrine to dismiss complaints with remarkably similar allegations challenging California domestic violence restraining orders."); *Ervin v. California*, No. 3:18-CV-00442-GPC-RBB, 2018 WL 3375058, at *4 (S.D. Cal. July 11, 2018) ("Essentially, plaintiff is asking this court to overturn the state court's order issuing the protective order and the gun prohibition, making this a de facto appeal of the state court order that is prohibited under the *Rooker-Feldman* doctrine."); *Steinmetz v. Steinmetz*, No. CIV 08-0629 JB/WDS, 2008 WL 5991009, at *10 (D.N.M. Aug. 27, 2008) (dismissing complaint under *Younger* abstention due to ongoing state-court domestic violence, divorce, and custody proceedings).

The Court provided Plaintiff with its analysis that these doctrines appeared to apply here and gave her the opportunity to respond. However, Plaintiff has filed nothing. Accordingly, the Court recommends that this case be dismissed without prejudice under the *Younger* abstention and *Rooker-Feldman* doctrines.

### III.  FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action or claims based on a plaintiff's failure to prosecute or comply with a court order. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this

5

first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a response to the Court's order to show cause, or to file anything indicating that she wants to proceed with this action, is delaying this case from moving forward. Allowing Plaintiff's claims to proceed further would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("Yet despite the considerable leeway plaintiff has been granted in prosecuting this case because of his pro se status, he has failed to respond to the motion [for summary judgment] as directed. The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with a Court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and to not comply with a Court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

After weighing these factors, the Court will recommend that this case be dismissed without prejudice.

### IV.  FAILURE TO UPDATE ADDRESS

This Court's informational order entered on February 1, 2024, states as follows:

> A Plaintiff proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address. If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice. *See* Local Rule 182(f). If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days of the mail being returned, the action will be dismissed for failure to prosecute.**

(ECF No. 7, p. 3).

Additionally, Local Rule 183(b) provides as follows:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. L.R. 183(b).

On January 8, 2024, the Clerk served Plaintiff with the Court's order granting Plaintiff's *in forma pauperis* application. (ECF No. 5). However, the documents mailed to Plaintiff were returned as undeliverable and unable to forward on February 5, 2024. Since then, more than sixty-three days have passed, and Plaintiff has not filed a notice of change of address or anything else in this case.

Thus, the Court will recommend that this case be dismissed without prejudice.

### V.  CONCLUSION AND RECOMMENDATIONS

Based on the above discussion, IT IS RECOMMENDED as follows:

1. This case be dismissed without prejudice (1) under the *Younger* abstention and *Rooker-Feldman* doctrines; (2) for failure to comply with a court order and for failure to prosecute; and (3) for failure to provide a current address.

2. Plaintiff's motion for a temporary restraining order (ECF No. 3) be denied.

3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)

days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 19, 2024**          /s/ *Erica P. Grosjean*
                                     UNITED STATES MAGISTRATE JUDGE